# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 18-1424V
(not to be published)

| | |
|---|---|
| JENNIFER MITCHELL,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: April 15, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Edward Ira Zwilling*, Law Office of Edward I. Zwilling, LLC Birmingham, AL, for Petitioner.

*Christine Mary Becer*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

  On September 18, 2018, Jennifer Mitchell filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left Shoulder Injury Related to Vaccine Administration after receiving an influenza vaccine on November 4, 2017. (Petition at 1). On December 12, 2019, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 37).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated March 11, 2020 (ECF No. 43), requesting a total award of $24,365.42 (representing $23,830.00 in fees and $535.42 in costs). In accordance with General Order #9 Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 43-4). Respondent reacted to the motion on March 25, 2020, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and deferring to my discretion to determine the amount to be awarded. (ECF No. 44). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find some reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## ATTORNEY FEES

Petitioner requests the rate of $400 per hour for all time billed by attorney Edward Zwilling, and the rate of $140 for time billed by his paralegal. (ECF No. 43 at 3). The rates for paralegal time are in line with what was been previously awarded for Mr. Zwilling's firm, and I therefore find no cause to deviate from those rates. However, I will make an adjustment for Mr. Zwilling's requested rates, for the reason listed below.

Mr. Zwilling has been a licensed attorney since 1992, placing him in the range of attorneys with 20-30 years of experience. Although Mr. Zwilling has been licensed in the Vaccine Program since 2006, however, he has limited experience with vaccine injury cases.[3] Several years ago, he was awarded the rate of $350 per hour for 2016, and $358 for time billed in 2017. *Dern v. Sec'y of Health & Human Servs.,* No. 16-1066, 2017 WL 7362798 (Fed. Cl. Spec. Mstr. Sept. 25, 2017).

Based on his previously-awarded rates, as well as Mr. Zwilling's limited Program experience, I find a rate reduction appropriate in the matter. I will therefore award him the following rates:

- $365 per hour for work performed in 2018;
- $380 per hour for work performed in 2019; and
- $395 per hour for work performed in 2020.

This reduces the fees to be awarded by the amount of **$1,534.50**.[4]

## ATTORNEY COSTS

Petitioner requests $535.42 in overall costs. (ECF No. 43-2 at 10). This amount is comprised of obtaining medical records and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable, and award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$23,830.92** (representing $22,295.50 in attorney's fees and $535.42 in

---

[3] Specifically, Mr. Zwilling appears to have only been the attorney of record in a total of five Vaccine Program cases, and currently has no open cases pending.

[4] This amount consists of ($400 - $365 = $35 x 33.6 hrs = $1,176) + ($400 – $380 = $20 x 16.7 hrs = $334) + ($400 – 395 = $5 x 4.9 hrs = $24.50) = $1,534.50.

costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.